## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00409-REB-MEH

BIXUAN ZHENG,

    Plaintiff,

v.

NEXION HEALTH, INC., a Delaware Corporation, and
NEXION HEALTH AT CHERRY CREEK, INC., a Delaware
Corporation, d/b/a/ CHERRY CREEK NURSING CENTER,

    Defendants.

## PROTECTIVE ORDER

Plaintiff, Bixuan Zheng, and Defendants, Nexion Health, Inc. and Nexion Health at Cherry Creek, Inc., d/b/a Cherry Creek Nursing Center, (collectively, "Parties" or "Party"), by their respective counsel, having shown good cause in support of the entry of this Protective Order to protect against the dissemination of the confidential information set forth herein, and recognizing the Parties to this case have stipulated hereto, **IT IS ORDERED**:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosures or discovery duties created by the Federal Rules of Civil Procedure which have been marked as "CONFIDENTIAL" in accordance with this Order.

2.  As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  For purposes of this Protective Order, "CONFIDENTIAL" information shall be limited to the following:

   a.  personnel records of current or former employees of Defendants containing work history, disciplinary records, or other documents containing sensitive personal information that is not available to the general public;

   b.  confidential customer and client information pertaining to Plaintiff's work as a Registered Nurse, including medical information protected under HIPAA;

   c.  business records and communications that contain confidential business information, such as client names, security information, proprietary information, intellectual property, technology and customer data, sales figures, employee performance summaries, employee training manuals, and other documents discussing business operations or business strategy; and

   d.  other documents that implicate a common law or statutory privacy interest such as personal identifying information, including social security information and tax returns, or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

4.  A Party designating any document or information, including any portion of a document, any interrogatory response, other discovery response, and/or transcript of

a discovery response, as "CONFIDENTIAL" represents in good faith that it contends, constitutes, or contains information that is entitled to protection under Fed. R. Civ. P. 26(c)(1)(G) and this Protective Order. Parties and attorneys designating documents as "CONFIDENTIAL" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(B)(2) & (3).

5. This CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case. CONFIDENTIAL information filed with the Court shall be accessible to the public unless and until this Court grants a motion to file the information under restriction.

6. The CONFIDENTIAL information shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at trial, or at other proceedings in this case;

    c. the Parties;

        d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

        e.     the Court and its employees ("Court Personnel");

        f.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

        g.     deponents or witnesses; and

        h.     other persons by written agreement of the Parties.

7.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement, in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

9.     Whenever a deposition involves the disclosure of said CONFIDENTIAL information, the deposition or portions thereof shall, at the election of counsel, be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective

Order.  Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fourteen (14) days after notice by the court reporter of the completion of the transcript.

10. A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as

CONFIDENTIAL shall be returned to the Party that designated it as CONFIDENTIAL, or the Parties may elect to destroy CONFIDENTIAL documents.  Where documents are returned to the Party that designated them as CONFIDENTIAL, the party to which they are returned shall retain them for the period of time required by any provision of the Colorado Rules of Professional Conduct, Federal Rules of Civil Procedure, or any other applicable rule governing attorney conduct.  Where the Parties agree to destroy CONFIDENTIAL documents, the destroying Party shall provide all Parties with an affidavit confirming destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

ORDERED this 21st day of May, 2014, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in *Bixuan Zheng v. Nexion Health Inc. and Nexion Health at Cherry Creek, Inc. d/b/a Cherry Creek Nursing Center*, pending in the United States District Court for the District of Colorado, Civil Action No. 1:14-cv-00409-REB-MEH. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____        _____
                (Date)                              (Signature)